UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TAMARA OHANJANYAN,

                            Plaintiff,

          v.                                              Civil No.: 1:23-CV-8775-DEH

NYU LANGONE MEDICAL CENTER,

                            Defendant.

---

## STIPULATED CONFIDENTIALITY AGREEMENT
## AND PROTECTIVE ORDER

**WHEREAS**, all the parties to this action (collectively, the "Parties" and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and sensitive information that they may need to disclose in connection with discovery in this action;

**WHEREAS**, the Parties, through counsel, agree to the following terms; and

**WHEREAS**, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order;

**IT IS HEREBY ORDERED** that any person subject to this Order – including, without limitation, the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – will adhere to the following terms, upon pain of contempt:

1.  The following restrictions and procedures shall apply to the information and documents exchanged by the Parties in connection with the pre-trial phase of this action.

2.   With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

3.   Documents and information that may be designated as "Confidential" for the purposes of this Action shall include but are not limited to: proprietary information or trade secrets associated with Defendant's business operations; compensation and benefits information; disciplinary and termination records; personnel information of third-parties; any information of a personal or intimate nature regarding any individual, including but not limited to, personnel and medical records, and information or documents that contain, reflect or pertain to personal information of Defendant's current or former employees, such as a social security number, tax identification number, address or contact information; information protected from disclosure by HIPAA; information protected from disclosure by New York Public Health Law Section 2805-m; and all communications involving any of the foregoing areas ("Confidential Material").

4.   The Parties shall act in good faith in designating documents or information hereunder as Confidential Material. This Order also shall apply to Confidential Material used or revealed during a deposition or in answers to interrogatories. The Parties shall address with the Court at the final pretrial conference the use of Confidential Material at a hearing or trial or other proceeding.  It is agreed and understood by Plaintiff and Defendant that such documents and/or information may contain highly confidential and/or proprietary information. The Party or person producing or disclosing Discovery Material (the "Producing Party") may designate it as confidential if counsel determines, in good faith, that such designation is necessary to protect an interest described in Federal Rule of Civil Procedure 26(c)(1).

2

5.   With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility.

6.   A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within thirty (30) days after a deposition has concluded or a time otherwise agreed to by counsel for the Parties, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel.  During the 30-day period or time otherwise agreed to by counsel for the Parties following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

7.   All materials designated as Confidential Material shall be clearly marked "Confidential" or "Confidential For Attorneys' or Experts' Eyes Only" on the face of the document. In lieu of marking the originals of documents, the Parties may mark the copies that are produced or exchanged.

8.   If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising

all prior recipients in writing.  Thereafter, all persons subject to this Order will treat such

designated portion(s) of the Discovery Material as Confidential.

9.   Nothing contained in this Order will be construed as: (a) a waiver by a Party or person

of its right to object to any discovery request; (b) a waiver of any privilege or protection; (c) a

waiver of any right to seek a court determination of whether particular discovery material should

be produced; or (d) a ruling regarding the admissibility at trial of any document, testimony, or

other evidence.

10. Where a Producing Party has designated Discovery Material as Confidential, other

persons subject to this Order may disclose such information only to the following persons:

(a)   the Parties to this action, their insurers, and counsel to their insurers;

(b)   counsel retained specifically for this action, including any paralegal,
clerical, or other assistant that such outside counsel employs and
assigns to this matter;

(c)   in-house counsel, including any paralegal, clerical, or other assistant
that such in-house counsel assigns to this matter;

(d)   outside vendors or service providers (such as copy-service providers
and document-management consultants) that counsel (outside and/or
in-house) hire and assign to this matter;

(e)   any mediator or arbitrator that the Parties engage in this matter or that
this Court appoints, provided such person has first executed a Non-
Disclosure Agreement in the form annexed hereto as **Exhibit 1**;

(f)   any witness who counsel (outside and/or in-house) for a Party in good
faith believes may be called to testify at trial or deposition in this

action, provided such person has first executed a Non-Disclosure

Agreement in the form annexed hereto as **Exhibit 1**;

(g)     any person a Party retains to serve as an expert witness or otherwise

provide specialized advice to counsel in connection with this action,

provided such person has first executed a Non-Disclosure Agreement

in the form annexed hereto as **Exhibit 1**;

(h)     stenographers engaged to transcribe depositions the Parties conduct in

this action; and

(i)     this Court, including any appellate court, its support personnel, and

court reporters.

11. Before disclosing any Confidential Discovery Material to any person referred to in

subparagraphs 7(e), 7(f), or 7(g) above, counsel must provide a copy of this Order to such

person, who must sign a Non-Disclosure Agreement in the form annexed hereto as **Exhibit 1**,

stating that he or she has read this Order and agrees to be bound by its terms.  Said counsel must

retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing

counsel either before such person is permitted to testify (at deposition or trial) or at the

conclusion of the case, whichever comes first.

12. The Court also retains discretion whether to afford confidential treatment to any

Discovery Material designated as Confidential and submitted to the Court in connection with any

motion, application, or proceeding that may result in an order and/or decision by the Court.  All

persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford

confidential treatment to any Discovery Material introduced into evidence at trial, even if such

material has previously been sealed or designated as Confidential.

13. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System.  The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, in accordance with the Local Rules for the Southern District of New York and the Court's Individual Practices, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

14. Before filing Confidential Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Material, the Filing Party must notify the remaining Parties and provide a copy of the Confidential Material. If within three (3) business days of such notification, any Party advises the Filing Party that the Confidential Material must be filed under seal, the Filing Party shall file according to the Court's Individual Rule 6.

15. Any Party who objects to any designation of confidentiality may, at any time before the trial of this action, serve upon counsel for the Producing Party a written notice stating with particularity the ground of the objection.  If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute with the Court in accordance with the Local Rules for the Southern District of New York and the Court's Individual Practices.  Any documents or information that are designated as Confidential Material shall be treated as such unless and until the Court rules that such materials are not confidential.  The burden of establishing confidentiality remains at all times on the party asserting confidentiality.

16. Any Party who requests additional limits on disclosure (such as "attorneys' eyes

only" in extraordinary circumstances), may, at any time before the trial of this action, serve upon counsel for the recipient Parties, a written notice stating with particularity the grounds for the request.  If the Parties cannot reach agreement promptly, counsel for all of the affected Parties will address their dispute to this Court in accordance with paragraph 4(j) of this Court's Individual Rules and Practices.

17. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding.  Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

18. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as is reasonably possible, and if permitted by the time allowed under the request, at least ten (10) days before any disclosure.  Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

19. Nothing in this Order shall be deemed to preclude counsel (outside and/or in-house) for each respective Party from providing legal advice to such Party based on and by reference to Confidential Discovery Material properly maintained, produced, and/or received in accordance with this Order.

20. Each person who has access to Discovery Material designated as Confidential

pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent

disclosure of such material.

21. Within sixty (60) days of the final disposition of this action – including all appeals –

all recipients of Confidential Discovery Material must either return it – including all copies

thereof – to the Producing Party, or certify such material as destroyed – including all copies

thereof.  In either event, by the 60-day deadline, the recipient must certify its return or

destruction by submitting a written certification to the Producing Party that affirms that it has not

retained any copies, abstracts, compilations, summaries, or other forms of reproducing or

capturing any of the Confidential Discovery Material.  Notwithstanding this provision, the

attorneys that the Parties have specifically retained for this action may retain an archival copy of

all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or

attorney work product, even if such material contains Confidential Discovery Material on the

condition that those files will remain protected.  Any such archival copies that contain or

constitute Confidential Discovery Material remain subject to this Order. Pursuant to Federal Rule

of Evidence 502, any inadvertent production of materials protected by any privilege or

immunity, including but not limited to the attorney-client privilege, the attorney work-product

doctrine, or any other applicable privilege or immunity ("Privileged Materials"), shall not be

deemed a waiver of said privilege or immunity provided that the Producing Party notifies the

receiving party of the inadvertent production.

22. If a Producing Party realizes it has inadvertently produced a document it considers to

be privileged, it may contact the receiving party and notify it of such inadvertent disclosure.

Specifically, the Producing Party must:

      (a)     Notify the receiving party in writing of the delivery of inadvertently

produced documents; and

    (b)    Identify the produced documents:

        i.  By either Bates stamp number designations; or

        ii.  By the date(s) of the document(s), the name(s) of its author(s) and the name(s) of each person to whom the document(s) were addressed; and

    (c)    Identify the basis for the claim of privilege.

23. Upon receipt of the written notice request, the receiving party will return the inadvertently produced privileged documents, and all copies thereof, within thirty (30) days or a time otherwise agreed to by counsel for the Parties to the Producing Party, and all notes made regarding such documents must be immediately destroyed, unless the receiving party presents the information to the Court under seal for determination pursuant to the Court's Individual Rule 6.

24. Once executed by all parties, the Order shall be treated by the parties as an Order of Court until it is formally approved by the Court.

25. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

26. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

Dated: February 2, 2024


**GISKAN SOLOTAROFF**                        **HODGSON RUSS LLP**
**& ANDERSON LLP**

By: s/ David O'Brien, Esq.                    By: s/ Jodyann Galvin, Esq.
David O'Brien, Esq.                              Jodyann Galvin, Esq.
90 Broad Street                                  140 Pearl Street, Suite 100
New York, New York 10004                         Buffalo, NY 14202
Tel: (646) 366-5140                              Tel: (716) 848-1688

*Counsel for Plaintiff*                          *Counsel for Defendant*



**SO ORDERED.**

Dated: February 5, 2024

New York, New York                    By:_____
                                          Hon. Dale E. Ho
                                          U.S. District Judge

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TAMARA OHANJANYAN,

                                    Plaintiff,

      v.                                                              Civil No.: 23-CV-8775

NYU LANGONE MEDICAL CENTER,

                                    Defendant.

---

## EXHIBIT 1

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential.  I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____, 20__                          By:_____
                                                                         (signature)

                                                                  _____
                                                                         (name)

                                                                  _____
                                                                         (address)

16747919v3